**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ROUDY DORCILHOMME, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 3:26-cv-00663 |
| | ) | Judge Stephanie L. Haines |
| PAMELA BONDI, *et al.,* | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

**<u>MEMORANDUM OPINION</u>**

Presently before the Court is Petitioner Roudy Dorcilhomme's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"). ECF No. 1. Petitioner was detained by Immigration and Customs Enforcement ("ICE") on March 1, 2026, and is currently held at the Moshannon Valley Processing Center ("MVPC"). ECF Nos. 1, p. 1; 4-1, p. 2.

## I.    BACKGROUND

Petitioner is a national and citizen of Haiti. ECF Nos. 4-1, p. 3; 4-3, p. 2. Petitioner entered the United States on April 23, 2024. ECF No. 4-3, p. 2. On May 31, 2025, he was arrested by the Reading Police Department for aggravated assault, strangulation, terroristic threats, two counts of simple assault, recklessly endangering another person, and harassment. ECF Nos. 4-1, p. 3; 4-2, pp. 5-11. On September 30, 2025, Petitioner was convicted of aggravated assault with a deadly weapon and sentenced to 9 to 23 months of imprisonment and 8 years of probation. ECF Nos. 4-1, p. 3; 4-2, pp. 2-4. On March 1, 2026, ICE took Petitioner into custody. ECF No. 4-1, p. 2.

On April 10, 2026, Petitioner filed a pro se Petition pursuant to 28 U.S.C. § 2241, arguing that 8 U.S.C. § 1226(a), which authorizes release on bond after a hearing before an immigration

1

judge ("IJ"), applied to his detention. *See* ECF No. 1. Respondents filed a response in opposition. ECF No. 4.

## II.    DISCUSSION

Petitioner alleges he is detained under 8 U.S.C. § 1225(b) and asks the Court to decide that his detention falls under Section 1226(a), thus entitling him to a bond hearing. ECF No. 1, p. 2. The Government responds that Petitioner is detained under 8 U.S.C. § 1226(c), as amended by the Laken Riley Act, because he was convicted of Aggravated Assault with a Deadly Weapon in Pennsylvania. ECF No. 4, p. 5. Because Petitioner is pro se, the Court construes his habeas claim liberally as challenging his Section 1226(c) classification as well as arguing that his detention under Section 1226(c) has become unreasonably prolonged.

Regarding Petitioner's Section 1226(c) classification, although the Court has habeas jurisdiction to consider legal challenges to immigration detention, Petitioner has not exhausted the available administrative procedure designed to resolve a Section 1226(c) classification dispute. Federal regulations provide that a noncitizen may seek a determination from an IJ that he is not properly included within the mandatory detention provisions Section 1226(c). *See* 8 C.F.R. § 1003.19(h)(2)(ii); *see also Matter of Joseph*, 22 I. & N. Dec. 799 (BIA 1999). In the Third Circuit, where a detainee seeks such a *Joseph* hearing, the Government bears the burden of establishing the applicability of Section 1226(c) by a preponderance of the evidence, and the Government must make available a contemporaneous record of the hearing. *Gayle v. Warden Monmouth Cnty. Corr. Inst.*, 12 F.4th 321, 325-26, 334-36 (3d Cir. 2021).

Because Petitioner has not requested a *Joseph* hearing or otherwise shown that the *Joseph* process is unavailable, unreasonably delayed, or inadequate, the Court will not resolve this Section 1226(c) classification issue. Petitioner may present a classification challenge to an immigration

judge through the available *Joseph* procedure and may renew his habeas petition if that process proves unavailable, unreasonably delayed, or inadequate.

As to whether his detention under Section 1226(c) has become unreasonably prolonged, in *German Santos v. Warden Pike Cnty. Com Fac.*, the Third Circuit articulated a framework for determining when detention under 8 U.S.C. § 1226(c) becomes unreasonable under the Due Process Clause of the Fifth Amendment. 965 F.3d 203, 210-11 (3d Cir. 2020). That inquiry is "highly fact-specific . . . ." *German Santos*, 965 F.3d at 210. The relevant factors include: (1) the duration of detention; (2) the likelihood of continued detention; (3) the reasons for any delay; and (4) the conditions of confinement. *Id.* at 211. Using this framework, the Court will assess Petitioner's detention.

Here, Petitioner has been detained for four months. The Court notes that the length of Petitioner's detention is well short of the two-and-a-half-year detention that the Third Circuit found unreasonable in *German Santos*. It is also less than the six months the Supreme Court stated was "longer than the average" detention in *Demore v. Hyung Joon Kim*, 538 U.S. 510, 530-31 (2003), and below the six-month to one year time period that the Third Circuit held was unreasonable in *Chavez-Alvarez*, 783 F.3d 469, 478 (3d Cir. 2015). While detention for four months is no doubt a hardship, the Court finds that it has not yet reached the point of unreasonableness requiring a bond hearing particularly because there is no evidence in the record that Respondents have improperly or unreasonably delayed the regular course of Petitioner's deportation proceedings and no evidence that Respondents have detained Petitioner for any purpose other than the resolution of his removal proceedings. While it is likely that Petitioner will be detained at least for a little more time as his removal proceedings continue, the record does not appear to show any delay in his removal proceedings. The only information provided to the Court by Respondents is that Petitioner

had master calendar hearings before an immigration judge on March 13, April 1, April 8, and a hearing scheduled for April 20. Lastly, Petitioner is detained at MVPC but makes no argument as to the conditions of his confinement. On the present record, the Court cannot conclude that Petitioner's detention has become unreasonable so as to trigger a bond hearing.

## III.    CONCLUSION

For the reasons set forth herein, it is hereby **ORDERED** as follows:

1.  The Petition for Writ of Habeas Corpus, ECF No. 1, is **DENIED** without prejudice to refiling if Petitioner's detention were to continue for at least several more months and he would choose to file another habeas petition challenging the reasonableness of that detention, provided that Petitioner gives the Court more information in order to appropriately consider the reasonableness of his detention.

2.  With no further action required by the Court at this time, the Clerk of Court shall mark this matter closed.

Stephanie L. Haines
United States District Judge